IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NV REAL PROPERTY LLC,<br>Appellant,<br>vs.<br>BAC HOME LOANS SERVICING, LP,<br>N/K/A BANK OF AMERICA, N.A.; AND<br>CARRINGTON MORTGAGE<br>SERVICES, LLC,<br>Respondents. | No. 79234<br><br>**FILED**<br><br>MAY 14 2021<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

We recently concluded in *Anthony S. Noonan IRA, LLC v. U.S. Bank National Ass'n* (*Noonan*), 137 Nev., Adv. Op. 15 (2021), that when an HOA imposes an annual assessment, such assessment constitutes an "acceleration" as that term is used in NRS 116.3116(2) (2009).[2] Consequently, we held that when an HOA imposes an annual assessment, the superpriority portion of the HOA's lien cannot exceed 9 months' worth of unpaid assessments. *Id.*

Here, the HOA's 2011 annual assessment was $120, meaning the maximum amount entitled to superpriority status was $90. Miles Bauer

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]This was also the version of the statute in effect when the Notice of Delinquent Assessments was issued in this case.

21-13950

mistakenly tendered a check for only $78.75, which represented 9 months' worth of assessments for a different year. However, at the time the HOA issued its Notice of Delinquent Assessments, the former homeowner had been delinquent for only 6 months. Thus, under *Noonan*, the amount of the HOA's lien entitled to superpriority status was only 6 months' worth of assessments (i.e., $60) because that was the amount that would have become due in the absence of acceleration when the HOA instituted proceedings to enforce its lien.[3] *See* NRS 116.3116(2) (2009) (recognizing that the superpriority portion of an HOA's lien consists of "assessments for common expenses . . . which would have become due in the absence of acceleration during the 9 months *immediately preceding institution of an action to enforce the lien*" (emphasis added)); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 26, 388 P.3d 226, 231 (2017) ("[A] party has instituted proceedings to enforce the lien . . . when it provides the notice of delinquent assessment." (internal quotation marks omitted)); *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 743, 334 P.3d 408, 409 (2014) ("NRS 116.3116 gives a homeowners' association (HOA) a superpriority lien on an individual

---

[3]Appellant contends that the superpriority amount should still be for 9 months' worth of assessments even though the former homeowner was in default for only 6 months. We conclude that this contention is contrary to *Noonan*'s rationale, which was based on breaking annual assessments into monthly assessments for purposes of calculating the defaulted superpriority portion of an HOA's lien. 137 Nev., Adv. Op 15, at 6. In other words, if the HOA had imposed monthly assessments in this case, Miles Bauer would not have been required to tender 9 months' worth of assessments to cure the superpriority default.

homeowner's property *for up to nine months of unpaid* HOA dues." (emphasis added)).

Accordingly, the district court correctly determined that Miles Bauer's $78.75 tender was more than sufficient to satisfy the superpriority default and that the HOA's foreclosure sale did not extinguish the first deed of trust.[4] Although appellant contends that it is a bona fide purchaser, we have repeatedly held that a party's status as a putative bona fide purchaser is irrelevant when the superpriority default is cured before the HOA's foreclosure sale. *See e.g., 9352 Cranesbill Tr. v. Wells Fargo Bank, N.A.* 136 Nev. 76, 82, 459 P.3d 227, 232 (2020) (citing *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018)). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Gloria Sturman, District Judge
Stephen E. Haberfeld, Settlement Judge
Shumway Van
Akerman LLP/Las Vegas
Eighth District Court Clerk

---

[4]Appellant observes that Miles Bauer's letter accompanying its check incorrectly stated that $78.75 represented 9 months' worth of assessments. While this is true, we are not persuaded that this issue warrants reversal in light of Miles Bauer having tendered more than the defaulted superpriority amount.